# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHLOMO Y. HECHT,** | **NO. 3:10-CV-00724-JMM** |
| **Plaintiff** | |
| **vs.** | |
| **BABYAGE.COM, INC., JACK KIEFER, and JOSEPH SPONHOLZ,** | |
| **Defendants** | |

## ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OF DEFENDANT, BABYAGE.COM, INC.

Defendant, BabyAge.Com, Inc. ("BABYAGE"), by and through its counsel, Rosenn, Jenkins & Greenwald, LLP, hereby Answers the Complaint of the Plaintiff, Shlomo Y. Hecht ("Plaintiff"), and in support thereof, avers as follows:

### JURISDICTION AND VENUE

1. DENIED. The allegations set forth in paragraph 1 are denied as conclusions of law to which a responsive pleading is not required.

2. DENIED. The allegations set forth in paragraph 2 are denied as conclusions of law to which a responsive pleading is not required.

### THE PARTIES

3. DENIED. The allegations set forth in paragraph 3 are denied as conclusions of law to which a responsive pleading is not required. For further

response, BABYAGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3, and therefore said allegations are denied.

4.     ADMITTED IN PART AND DENIED IN PART.  It is admitted that BABYAGE is a corporation organized and existing under the laws of the State of Delaware that is authorized to conduct business in the Commonwealth of Pennsylvania and that it has a principal place of business located at 360 Stewart Road, Wilkes-Barre, Pennsylvania, but the remaining allegations set forth in Paragraph 4 are denied.

5.     ADMITTED.

6.     ADMITTED.

7.     ADMITTED.

<u>BACKGROUND</u>

8.     ADMITTED IN PART AND DENIED IN PART.  It is admitted that the Plaintiff was retained by BABYAGE as a Consultant pursuant to a Consulting Agreement made as of May 8, 2008, but the remaining allegations set forth in Paragraph 8 are denied.

9.     DENIED.  Upon reasonable investigation, BABYAGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9, and therefore said allegations are denied.

646559.2

10.     DENIED.  A copy of the Plaintiff's Consulting Agreement is attached to the Complaint as Exhibit "A" and is a writing which speaks for itself, therefore any characterization of it is denied.

11.     DENIED.

12.     DENIED.

<u>Alleged Religious/Ethnic Discrimination</u>

13.     DENIED.  Upon reasonable investigation, BABYAGE lacks knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and therefore said allegations are denied.

14.     DENIED.

15.     DENIED.

16.     DENIED.

17.     DENIED.

18.     DENIED.

19.     DENIED.

20.     DENIED.   For further response, the allegations set forth in paragraph 20 are denied as conclusions of law to which a responsive pleading is not required.

21.     DENIED.  For further response, the allegations set forth in paragraph 21 are denied as conclusions of law to which a responsive pleading is not required.

646559.2

22.     DENIED.  For further response, the allegations set forth in paragraph 22 are denied as conclusions of law to which a responsive pleading is not required.

## BabyAge's Alleged Breach of Mr. Hecht's Contract

23.     ADMITTED.

24.     DENIED.  For further response, the allegations set forth in paragraph 24 are denied as conclusions of law to which a responsive pleading is not required.

25.     ADMITTED.

26.     DENIED.  For further response, the allegations set forth in Paragraph 26 are denied as conclusions of law to which a responsive pleading is not required.

27.     ADMITTED IN PART AND DENIED IN PART.  It is admitted that BABYAGE voluntarily dismissed its lawsuit on December 16, 2009, but the remaining allegations set forth in Paragraph 27 are denied.

## Alleged Defamation of Mr. Hecht's Character

28.     DENIED.

29.     DENIED.

30.     DENIED.  For further response, the allegations set forth in Paragraph 30 are denied as conclusions of law to which a responsive pleading is not required.

646559.2

## Alleged Breach of Fiduciary Duty by Corporation to Officer

31.    DENIED.    Upon reasonable investigation, BABYAGE lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31, and therefore said allegations are denied.

32.    DENIED.  BABYAGE's by-laws are in writing and therefore speak for themselves, so any characterization of them is expressly denied.  For further response, the allegations set forth in Paragraph 32 are denied as conclusions of law to which a responsive pleading is not required.

33.    DENIED.  The letter attached to the Complaint as Exhibit "D" is a writing which speaks for itself, and any characterization of it is expressly denied.

34.    DENIED.  Exhibit "E" to the Complaint is a writing which speaks for itself, and any characterization of it is expressly denied.

35.    DENIED.  Exhibit "F" to the Complaint is a writing which speaks for itself, and any characterization of it is expressly denied.

36.    DENIED.  Exhibit "G" to the Complaint is a writing which speaks for itself, and any characterization of it is expressly denied.

37.    DENIED.  Exhibit "H" to the Complaint is a writing which speaks for itself, and any characterization of it is expressly denied.

38.    DENIED.  For further response, the allegations set forth in Paragraph 38 are denied as conclusions of law to which a responsive pleading is not required.

646559.2

<u>The Alleged Effect on Mr. Hecht</u>

39.     DENIED.  The allegations set forth in Paragraph 39 are denied as conclusions of law to which a responsive pleading is not required.

COUNT ONE
(42 U.S.C. §1981)

40.     BABYAGE hereby incorporates Paragraphs 1 through 39 herein by reference as if more fully set forth at length.

41.     DENIED.  For further response, the allegations set forth in Paragraph 41 are denied as conclusions of law to which a responsive pleading is not required.

42.     DENIED.  For further response, the allegations set forth in Paragraph 42 are denied as conclusions of law to which a responsive pleading is not required.

43.     DENIED.  For further response, the allegations set forth in Paragraph 43 are denied as conclusions of law to which a responsive pleading is not required.

COUNT TWO
(Alleged Breach of Contract)

44.     BABYAGE hereby incorporates Paragraphs 1 through 43 herein by reference as if more fully set forth at length.

45.     DENIED.  The allegations set forth in Paragraph 45 are denied as conclusions of law to which a responsive pleading is not required.

46.     DENIED.  For further response, the allegations set forth in Paragraph 46 are denied as conclusions of law to which a responsive pleading is not required.

646559.2

47.     DENIED.

COUNT THREE
(Alleged Breach of Fiduciary Duty by Corporation to Alleged Officer)

48.     BABYAGE hereby incorporates Paragraphs 1 through 47 herein by reference as if more fully set forth at length.

49.     DENIED.  For further response, the allegations set forth in Paragraph 49 are denied as conclusions of law to which a responsive pleading is not required.

50.     DENIED AS STATED.  BABYAGE has no obligation to advance or remit payment for Plaintiff's legal expenses as explained in Exhibit "H" to the Complaint, which is a writing which speaks for itself, and any characterization of it is expressly denied.

51.     DENIED.  For further response, the allegations set forth in Paragraph 51 are denied as conclusions of law to which a responsive pleading is not required.

COUNT FOUR
(Alleged Defamation)

52.     BABYAGE hereby incorporates Paragraphs 1 through 51 herein by reference as if more fully set forth at length.

53.     DENIED.  For further response, the allegations set forth in Paragraph 53 are denied as conclusions of law to which a responsive pleading is not required.

54.     DENIED.  For further response, the allegations set forth in Paragraph 54 are denied as conclusions of law to which a responsive pleading is not required.

646559.2

55.     DENIED.  For further response, the allegations set forth in Paragraph 55 are denied as conclusions of law to which a responsive pleading is not required.

COUNT FIVE
(Alleged Invasion of Privacy)

56.     BABYAGE hereby incorporates Paragraphs 1 through 55 herein by reference as if more fully set forth at length.

57.     DENIED.  For further response, the allegations set forth in Paragraph 57 are denied as conclusions of law to which a responsive pleading is not required.

58.     DENIED.  For further response, the allegations set forth in Paragraph 58 are denied as conclusions of law to which a responsive pleading is not required.

WHEREFORE, the Defendant, BABYAGE, demands judgment in its favor, and against Plaintiff, that the Complaint be dismissed, and that it be awarded attorneys' fees, costs and such other relief as the Court deems appropriate and just.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over the present controversy.

**THIRD AFFIRMATIVE DEFENSE**

Some or all of the claims are barred, in whole or in part, by the applicable statutes of limitation.

646559.2

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred, in whole or in part, by the doctrine of justification.

## SIXTH AFFIRMATIVE DEFENSE

BABYAGE acted in a lawful, legitimate and non-discriminatory manner at all times relevant to this action and did not discriminate against Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to satisfy the statutory and/or jurisdictional prerequisites for the institution of an action under the statutes upon which he relies.

## EIGHTH AFFIRMATIVE DEFENSE

BABYAGE acted in good faith at all times relevant to this action and did not engage in any unlawful conduct.

## NINTH AFFIRMATIVE DEFENSE

BABYAGE is not liable to Plaintiff in this matter and Plaintiff is not entitled to any relief or damages whatsoever.

646559.2

## TENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages or, in the alternative, any damages suffered by Plaintiff were not proximately caused by BABYAGE.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has waived his right to a jury trial of his claims.

WHEREFORE, the Defendant, BABYAGE, demands judgment in its favor, and against Plaintiff, that the Complaint be dismissed, and that it be awarded attorneys' fees, costs and such other relief as the Court deems appropriate and just.

## COUNTERCLAIMS

## COUNT I – MISAPPROPRIATION OF TRADE SECRETS

59.    BABYAGE hereby incorporates Paragraphs 1 through 58 herein by reference as if more fully set forth at length.

60.    While he was retained as a consultant of BABYAGE, Plaintiff was given access to BABYAGE's trade secrets, including without limitation, BABYAGE's proprietary database schema, back-end management system, and source codes.

61.    Upon information and belief, Plaintiff has used BABYAGE's trade secrets, including without limitation, BABYAGE's proprietary database schema,

10

back-end management system, and source codes, all for the benefit of himself and others, including GiftBrand.com and idiapers.com, BABYAGE competitors, and to the detriment of BABYAGE.

62.     BABYAGE has taken reasonable steps to protect and maintain the secrecy of its trade secrets by instituting internal company policies and procedures regulating the access to and dissemination of its trade secrets.

63.     BABYAGE has the right to exclusive ownership, enjoyment, and use of its trade secrets.

64.     By his wrongful actions, Plaintiff has knowingly, willfully, and maliciously misappropriated and used BABYAGE's trade secrets in breach of his Consulting Agreement and confidential relationship with BABYAGE.

65.     Upon information and belief, Plaintiff continues to irreparably harm BABYAGE by such misappropriation of trade secrets.

66.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's misappropriation of BABYAGE's trade secrets, and is entitled to damages therefor.

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff for the following relief: (1) an order permanently enjoining Plaintiff, his agents, servants, employees, and all other persons who are in active concert or participating with him from using or benefiting, directly or indirectly, from the use

646559.2

of BABYAGE's trade secrets, including without limitation. BABYAGE's proprietary database schema and back-end management system; (2) an amount in excess of $75,000.00, plus interest and costs; (3) exemplary damages pursuant to Section 5304 of the Pennsylvania Uniform Trade Secrets Act (the "Act"); (4) attorneys' fees pursuant to Section 5305 of the Act; and (5) such other relief as the Court deems appropriate and just.

## COUNT II – UNFAIR COMPETITION

67.     BABYAGE hereby incorporates Paragraphs 1 through 66 herein by reference as if more fully set forth at length.

68.     Upon information and belief, Plaintiff misappropriated BABYAGE's proprietary business information for Plaintiff's own benefit and commercial advantage, as well as for the benefit and commercial advantage of others, including GiftBrand.com and idiapers.com.

69.     Plaintiff's conduct constitutes unfair competition under Pennsylvania law.

70.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's unfair competition, and is entitled to damages therefor.

71.     Plaintiff's conduct as set forth herein was extreme, outrageous, and warrants the imposition of punitive damages.

646559.2

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff in an amount in excess of $75,000.00, plus punitive damages, interest, costs, and such other relief as the Court deems appropriate and just.

## COUNT III – VIOLATION OF COMPUTER FRAUD AND ABUSE ACT

72.     BABYAGE hereby incorporates Paragraphs 1 through 71 herein by reference as if more fully set forth at length.

73.     It is a violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, whenever a person "knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value..." 18 U.S.C. § 1030(a)(4).

74.     Upon information and belief, Plaintiff, with an intent to defraud BABYAGE, exceeded his authorized access to the computer BABYAGE provided him by, among other things, deleting files from the computer given to him by BABYAGE and misappropriating BABYAGE's proprietary database schema, back-end management system, source codes, and proprietary software, and by means of such unauthorized access furthered his intended fraud.

75.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's violations of the Computer Fraud and Abuse Act, and is entitled to damages therefor.

646559.2

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff in an amount in excess of $75,000.00, plus interest, costs, and such other relief as the Court deems appropriate and just.

## COUNT IV - BREACH OF CONTRACT

76.     BABYAGE hereby incorporates Paragraphs 1 through 75 herein by reference as if more fully set forth at length.

77.     Pursuant to Section 6(a) of Plaintiff's Consulting Agreement, throughout the term of the Consulting Agreement and for a period of two years thereafter, Plaintiff was forbidden from owning, managing, controlling, participating in, consulting with, rendering services for, or otherwise engaging in any business that is competitive with all or part of the business of BABYAGE.

78.     Upon information and belief, while Plaintiff was retained as a consultant pursuant to the terms of his Consulting Agreement, Plaintiff owned, and/or managed, and/or controlled, and/or participated in, and/or consulted with, and/or rendered services for, and/or engaged in businesses that were competitive with all or part of the business of BABYAGE, including the businesses named GiftBrand.com and idiapers.com.

79.     Upon information and belief, immediately following the termination of the Consulting Agreement, Plaintiff continued to own, and/or manage, and/or control, and/or participate in, and/or consult with, and/or render services for, and/or

646559.2

engage in a business that is competitive with all or part of the business of BABYAGE, including without limitation, the businesses named GiftBrand.com and idiapers.com.

80.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's unauthorized competition with BABYAGE, and is entitled to damages therefor.

81.     Moreover, pursuant to Section 6(b) of Plaintiff's Consulting Agreement, throughout the term of the Consulting Agreement and for a period of two years thereafter, Plaintiff was forbidden from, among other things, directly or indirectly inducing or attempting to induce any employee of BABYAGE to leave his or her employ with BABYAGE, or in any way interfere with the relationship between BABYAGE any employee thereof.

82.     Upon information and belief, Plaintiff solicited for employment an employee of BABYAGE, Phillip Shellenberger, by telephone and personal meeting, in violation of his Consulting Agreement.  The day after Plaintiff was terminated as BABYAGE's consultant, Phillip Shellenberger resigned and informed BABYAGE that Plaintiff had solicited him and that he was going to work for Plaintiff.

646559.2

83.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's unauthorized solicitation of Phillip Shellenberger, and is entitled to damages therefor.

84.     Furthermore, pursuant to Section 5 of Plaintiff's Consulting Agreement, Plaintiff agreed that he would not disclose to any unauthorized person, or use for his own account, any confidential information belonging to BABYAGE without the prior written consent of BABYAGE.

85.     Upon information and belief, Plaintiff has secretly disclosed BABYAGE's trade secrets and confidential information to GiftBrand.com and idiapers.com without BABYAGE's knowledge or consent.

86.     BABYAGE has suffered direct and consequential harm as a result of Plaintiff's unauthorized disclosure of BABYAGE's trade secrets and confidential information, and is entitled to damages therefor.

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff in an amount in excess of $75,000.00, plus interest, costs, and such other relief as the Court deems appropriate and just.

## COUNT V – BREACH OF DUTY OF LOYALTY

87.     BABYAGE hereby incorporates Paragraphs 1 through 86 herein by reference as if more fully set forth at length.

646559.2

88. Pennsylvania law prohibits an agent from using confidential information acquired by the agent from his principal in competition with the principal.

89. Plaintiff was BABYAGE's agent as a result of his Consulting Agreement. Upon information and belief, Plaintiff used BABYAGE's confidential information that Plaintiff obtained while performing services for BABYAGE as a consultant, without BABYAGE's consent, by providing it to competitors, such as Giftbrand.com and idiapers.com, for purposes of competing against BABYAGE.

90. BABYAGE has suffered direct and consequential harm as a result of Plaintiff's unauthorized use of BABYAGE's confidential information, and is entitled to damages therefor.

91. Plaintiff's conduct as set forth herein was extreme, outrageous, and warrants the imposition of punitive damages.

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff in an amount in excess of $75,000.00, plus punitive damages, interest, costs, and such other relief as the Court deems appropriate and just.

## COUNT VI – ALTERNATIVELY, BREACH OF FIDUCIARY DUTY

92. BABYAGE hereby incorporates Paragraphs 1 through 91 herein by reference as if more fully set forth at length.

646559.2

93. Plaintiff has alleged in his Complaint that he was an officer of BABYAGE, which is expressly denied. To the extent that Plaintiff is deemed to be an officer of BABYAGE, which is expressly denied, then Count VII is averred in the alternative.

94. To the extent Plaintiff is deemed to be an officer of BABYAGE, which is expressly denied, Plaintiff owed BABYAGE and its shareholders certain fiduciary obligations.

95. Upon information and belief, and to the extent Plaintiff is deemed to be an officer of BABYAGE, which is expressly denied, Plaintiff violated and breached his fiduciary duties of loyalty, fair dealing and good faith by, among other things, knowingly and recklessly misappropriating BABYAGE's trade secrets, confidential information, proprietary database schema, back-end management systems and source codes for the benefit of GiftBrand.com and idiapers.com, which compete with BABYAGE, and by failing to properly consider the interests of BABYAGE and its shareholders.

96. To the extent Plaintiff is deemed to be an officer of BABYAGE, which is expressly denied, BABYAGE has suffered direct and consequential harm as a result of Plaintiff's breach of the fiduciary duties he owes to BABYAGE, and is entitled to damages therefor.

646559.2

97.    Plaintiff's conduct as set forth herein was extreme, outrageous, and warrants the imposition of punitive damages.

WHEREFORE, BABYAGE demands judgment in its favor and against Plaintiff in an amount in excess of $75,000.00, plus punitive damages, interest, costs, and such other relief as the Court deems appropriate.

Respectfully submitted,

ROSENN, JENKINS & GREENWALD, LLP

By: /S/ JAMES C. OSCHAL, ESQUIRE
        JAMES M. OSCHAL, ESQUIRE
        Atty. ID. No.  53846
        THOMAS J. CAMPENNI, ESQUIRE
        Atty. I.D. No. 87809
        15 S. Franklin Street
        Wilkes-Barre, PA 18711-0075
        (570) 826-5621
        (570) 831-7215 (Fax)
        joschal@rjglaw.com
        tcampenni@rjglaw.com

        Attorneys for Defendant
        BABYAGE.COM, INC.

646559.2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHLOMO Y. HECHT,

                Plaintiff

vs.

BABYAGE.COM, INC., JACK
KIEFER, and JOSEPH SPONHOLZ,

                Defendants

NO.  3:10-CV-00724-JMM

## CERTIFICATE OF SERVICE

JAMES C. OSCHAL, ESQUIRE, hereby certifies that on the 7th of June, 2010, he caused to be served a true and correct copy of the foregoing **ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** via ECF to:

> Barry H. Dyller, Esquire
> Kelly A. Bray, Esquire
> Gettysburg House
> 88 North Franklin Street
> Wilkes-Barre, PA  18701
>
> *Attorneys for Plaintiff*
>
> Michael J. Ossip, Esquire
> Melissa D. Hill, Esquire
> Morgan, Lewis & Bacchius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2921
>
> *Attorneys for Defendant Jack Kiefer*

646559.2

James C. Schwartzman, Esquire
Zachary R. Davis, Esquire
Stevens & Lee
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702

*Attorneys for Defendant Joseph Sponholz*

/S/JAMES C. OSCHAL, ESQUIRE
JAMES C. OSCHAL, ESQUIRE

646559.2