# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHLOMO Y. HECHT,** | : | No. 3:10cv724 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| **BABYAGE.COM, INC.;** | : | |
| **JACK Keifer; and** | : | |
| **JOSEPH SPONHOLTZ,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is for resolution is a dispute between the parties about a confidentiality agreement to cover discovery in this case.

**Background**

This case arises out of Plaintiff Shlomo Hecht's employment with Defendant BabyAge.com ("BabyAge" of "defendant"). Plaintiff contends that he suffered discrimination from defendants on the basis of his Jewish religion. He also alleges that defendants breached their employment contract with him. Defendants have answered plaintiffs' claim and filed a counterclaim. The court denied plaintiff's motion to dismiss the counterclaim. As the parties began undertaking discovery, they concluded that a confidentiality agreement should cover some of the material supplied by defendant. While the parties have been able to craft the basic outlines of an agreement, they have been unable to agree on language governing objections

to designations of confidentiality. The court conducted a telephone conference in an attempt to resolve this issue. When the parties still could not come to an agreement, the court directed them to file briefs stating their positions. The parties did so, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings this claim pursuant to the 42 U.S.C. § 1981. This court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article II of the United States Constitution.").

**Discussion**

The parties represent that they agree on the outlines of a confidentiality agreement. They have provided the court with copies of that agreement. That proposed agreement provides that "the party which creates, produces for inspection and/or supplies documents, materials and/or information . . . shall designate as 'Confidential', those Documents that shall be treated as confidential, at all time [sic] during the pendency of this action and thereafter." (Confidentiality Agreement, Exh.

A to Defendant's Brief (Doc. 45) at 1). The agreement prohibits disclosure of documents designated confidential, except "for the purposes of and solely in conjunction with the prosecution or defense of this action and for no other purpose." (Id. at 1-2). That document limits the persons to whom the confidential information can be disclosed to the parties, attorneys for the parties and their employees, and experts. (Id. at 2). Experts may view confidential material only after they sign an acknowledgment of the agreement that requires them to maintain confidentiality. (Id.). The document also sets up procedures for filing confidential documents and other court filings that reference those documents and mandates that the documents be returned at the close of the litigation. (Id. at 3). Documents not returned in the litigation may not be used or disclosed to third parties. (Id.). The parties represent that all of these provisions are agreeable.

The parties cannot agree, however, on the procedure to be used when a party objects to a designation of confidentiality. Defendant proposes that the agreement state "[I]f a party objects to the designation of information or documents as Confidential matter, it shall so advise counsel for the producing party and state the reasons therefore, and a reasonable good faith effort to resolve the issue shall be made. If the disagreement cannot be resolved in this fashion, the party challenging confidentiality may apply to the Court for an appropriate order, and the party opposed shall cooperate in seeking a prompt hearing and/or resolution." (Exh. B to Defendant's Brief (Doc. 45). Under the terms the defendant proposes, then,

3

responsibility for objecting to improper designations of confidentiality rests with the party opposed to the designation. Plaintiff's proposed procedure for dealing with confidentiality designations is similar, but reverses the parties' responsibility to seek court intervention. If the parties fail to agree on confidentiality for a particular document and cannot resolve their disagreement on their own, "the party seeking protection may apply to the Court for an appropriate protective order within fourteen days of the parties determination that the disagreement cannot be resolved." (Plaintiff's Brief (Doc. 44) at 2). Thus, the difference between the plaintiff's and defendant's versions of the confidentiality order is the party required to seek the court's assistance in resolving any disputes: plaintiff insists that the party claiming confidentiality should request court approval, while the defendant would lay that burden on the party objecting to the designation.

Plaintiff argues that caselaw requires the party seeking protection "to have the burden of making a motion and proving its case to the Court for such confidentiality." (Plaintiff's Brief (Doc. 44) at 3). The court rejects plaintiff's interpretation of this law. Plaintiff is correct that the party seeking confidentiality "has the burden of showing that there is good cause for it." Shingara v. Skiles, 420 F.3d 301, 306 (3d Cir. 2005). Indeed, the Third Circuit Court of Appeals has identified a number of factors to consider in determining whether a protective order should issue:

> (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether the embarrassment would be particularly serious; (4) whether the

4

>information sought is important to public health and safety; (5) whether sharing the information among litigations would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

Arnold v. Pennsylvania, 477 F.3d 105, 108 (3d Cir. 2007). Were the plaintiff to challenge a confidentiality designation assigned by the defendant, the burden would lie with the defendant to use these factors and show good cause for a protective order.

Nothing in that case law, however, specifies that the only acceptable procedure for deciding whether to grant an order of protection is the one proposed by the plaintiff, or that the burden for demonstrating the need for a protective order shifts depending on the party filing a motion regarding confidentiality. Indeed, Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), cited by plaintiff to support his position, addressed an attempt by non-party newspapers to challenge a confidentiality order entered by the court to cover a settlement agreement in a case between a Borough and its former police chief. The Court of Appeals agreed that "a party wishing to obtain an order of protection over discovery material" bore the burden of demonstrating "'good cause.'" Id. at 786. The court did not address, however, whether that same party had to file a motion for an order of protection if another party (or, as in Pansy, non-party) challenged that designation. Indeed, in Pansy, [t]he Newspapers also made a motion in the district court" to modify the order of protection on the settlement agreement. Id. at 783. The court addressed that motion without commenting on the need for any other motion.

5

The court concludes that there is no requirement under these circumstances that only the party seeking confidentiality can challenge a designation under the agreement. The defendant's proposed order follows the procedure used in <u>Pansy</u>. One party asserts confidentiality, which triggers the protections of the agreement. If the other party concludes that the assertion of protection is inappropriate, that party objects. The matter may eventually come before this court. When it does, the burden lies with the party seeking protection for the document to provide good cause. As long as the court applies the appropriate standard and assigns the burden to the appropriate party, nothing in this agreement would violate the law. Regardless of which party challenges a designation, documents improperly classified as protected can be challenged and the court will determine whether they should remain protected.

The dispute here, then, is over which procedure will be fairest to the parties and allow the court most efficiently to resolve any disagreements about confidentiality. The court finds the procedure proposed by the defendant to be the most efficient way to address the problem of confidentiality, and will adopt defendant's rule to govern the case. Both procedures provide a mechanism to challenge allegedly improper designations of confidentiality. The defendant's procedure is more direct, and thus more efficient. Under the defendant's procedure, a party objects to the designation of confidentiality by informing the opposing party. If the parties cannot work out the issue, the objecting party states to the court the

6

reasons for objecting to the designation, the parties brief the issue, and the court makes a decision.  Plaintiff's process is more involved, requiring actions from both parties before the court entertains the question: the party opposing the designation first objects informally, which triggers a mandate on the party seeking the designation to move the court to resolve the issue. Objections, which the opposing party could have simply raised in a motion to the court, can then be raised by the defendant.  The court will have to answer the same questions under either procedure, and finds the procedure suggested by the defendant to be more direct and more efficient.

The court notes that nothing in the confidentiality agreement prevents the plaintiff from viewing any of the documents produced.  The plaintiff will therefore have the opportunity to make a knowing and intelligent challenge of any document improperly designated as confidential.  Plaintiff complains that the defendant's language gives defendant an incentive to designate documents as confidential in an effort to harass plaintiff and drive up the cost of litigation.  There are thousands of documents in this case, and defendant has indicated a desire to designate perhaps 1,700 as confidential.  Objecting to even ten percent of these documents would place an unwelcome burden on the plaintiff and the court.  The court is sympathetic to plaintiff's argument, but reminds the parties that the court possesses an inherent power to find litigants and counsel in contempt.  The court–and the plaintiff–have remedies if the defendant uses confidentiality designations frivolously and for an

improper purpose. At the same time, of course, frivolous challenges to proper designations of confidentiality designed merely to frustrate defendant or drive up the costs of litigation will likewise not be tolerated.

**Conclusion**

For the reasons stated above, the court will adopt the procedures for objecting to confidentiality proposed by the defendant. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHLOMO Y. HECHT, | : | No. 3:10cv724 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| BABYAGE.COM, INC.; | : | |
| JACK Keifer; and | : | |
| JOSEPH SPONHOLTZ, | : | |
| Defendants | : | |

## ORDER

**AND NOW**, to wit, this 10th day of November 2010, the procedure for objecting to designations of confidentiality proposed by the defendant and attached as Exhibit B to defendant's brief on the issue (Doc. 45) shall apply to the confidentiality agreement adopted by the parties to this case.

                        **BY THE COURT:**

                        **s/ James M. Munley**
                        **JUDGE JAMES M. MUNLEY**
                        **UNITED STATES DISTRICT COURT**